IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WARREN R. SENIOR, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-12-0298 |
| | § | |
| THE STATE OF TEXAS, THE TEXAS | § | |
| SUPREME COURT OF TEXAS, THE | § | |
| COURT OF APPEALS FIRST DISTRICT | § | |
| OF TEXAS, and OTHA T. CARPENTER, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, appealing the dismissal by the First Court of Appeals of an appeal of a state court suit seeking to disbar Defendants Allen Tanner and Otha T. Carpenter, filed by Plaintiff Warren R. Senior, Jr., proceeding *pro se* in this Court, and asserting violations of Plaintiff's rights to procedural and substantive due process under the Fifth, Seventh, and Fourteenth Amendments, are motions to dismiss Plaintiff's Original Complaint (instrument #1) filed by the following Defendants: (1) the State of Texas and the Supreme Court of Texas pursuant to Rules 12(b)(1)(lack of subject matter jurisdiction) and 12(b)(6)(failure to state a claim upon which relief may be granted)(instrument #5); (2) Otha T. Carpenter (duplicatively filed as instruments #7 and 8); (3) the First Court of Appeals (instrument #10); and (4) Allen Tanner, pursuant to Federal Rules of Civil Procedure 12(b)(4)(insufficient process),

12(b)(5)(insufficient service of process), 12(b)(1) and 12(b)(6) (instrument #15). Also pending is Plaintiff's re-submission of his request for default against Defendants Allen Tanner and the First Court of Appeals under Federal Rule of Civil Procedure 55 (#14).

### Allegations in Plaintiff's Original Complaint (#1)

On August 30, 2006, Plaintiff sued Otha T. Carpenter ("Carpenter") and Allen M. Tanner ("Tanner") in state court. After the district court ruled in favor of these Defendants on May 25, 2007, Plaintiff appealed. On August 28, 2007, the First Court of Appeals issued a mandate dismissing the appeal and finding for Carpenter and Tanner, citing want of prosecution.

The Original Complaint is not clear, but it appears that Plaintiff contends that the state court appellants failed to file a timely brief, and that his brief was not due under Texas Rule of Appellate Procedure 38.6(b) until thirty days (or 20 days in an accelerated appeal) after the date that appellants' brief was filed. Under Texas Rule of Appellate Procedure 38.8(a), "if an appellee's brief is filed, the court may regard that brief a[s] correctly presenting the case and may affirm the trial court's judgment upon the brief without examining the record." Yet the First Court of Appeals dismissed the appeal for want of prosecution, denying him due process.

Plaintiff seeks to recover reasonable attorney's fees in the amount of $800,000 per defendant under chapter 38 of the Texas Code

of Civil Practice and Remedies. Furthermore he wants a reversal of the trial court's judgment and allowance that his appeal proceed to the Supreme Court of Texas. He also requests that Carpenter and Tanner be disbarred from the practice of law in Texas.

### Pending Motions

The Court stayed this case on April 26, 2012 until it could reach the motions to dismiss. It now lifts the stay and addresses all pending motions.

Because Plaintiff's memorandum in response to Defendants' motion to dismiss for failure to state a claim (#13) does not address the particular points raised by Defendants nor Rule 12(b)(6), but merely repeats allegations in the Original Complaint, the Court finds it irrelevant and thus does not summarize it here.

**Plaintiff's Re-submitted Request for Entry of Default (#14)**

Because Tanner and the First Court of Appeals have appeared and filed responsive pleadings to the complaint, the Court denies Plaintiff's re-submission of his request for default against them (#14).

**State of Texas and First Court of Appeals' Motion to Dismiss (#5)**

The State of Texas and the First Court of Appeals seek dismissal of the claims against them on several, interrelated grounds: (1) under 28 U.S.C. § 1915(e)(2)(B); (2) lack of

standing[1]; (3) the *Rooker-Feldman* doctrine[2]; (4) Eleventh Amendment immunity; and (5) failure to state a claim under which relief may be granted.

Title 28 U.S.C. § 1915(e)(2)(B) provides that "the court shall dismiss at any time [an *in forma pauperis* action or appeal] if the court determines that--the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

---

[1] Standing is a jurisdictional matter that must be found before the merits of a case can be addressed by a court. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998); *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 303 (5th Cir. 2001). For each claim, a plaintiff must demonstrate that he satisfies the three constitutional requirements for standing: (1) injury in fact; (2) causation; and (3) redressibility. *Bennett v. Spear*, 520 U.S. 154, 167 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); Cox, 256 F.3d a 303. An "injury in fact" occurs when there is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. A plaintiff demonstrates causation by showing that the injury is "'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" *Cox*, 256 F.3d at 304, *quoting Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976). To demonstrate redressibility, the plaintiff must show that it is "likely, as opposed to merely speculative that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 635.

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)(the jurisdiction of the federal district court is "strictly original"); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)(under *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review judicial decisions by state courts); *Lance v. Dennis*, 546 U.S. 459, 460 (2006)("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over case brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'").

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Defendants assert that all three prongs are met by their other identified bases for dismissal: Plaintiff lacks standing, the State of Texas and the Texas Supreme Court are shielded from Plaintiff's lawsuit in this Court under the *Rooker-Feldman* doctrine and immune from this suit under the Eleventh Amendment, and Plaintiff fails to state a claim against the State of Texas and the First Court of Appeals on which relief can be granted.

Regarding standing, failure to obtain disbarment of Tanner and Carpenter is not a "specific injury in fact" to Plaintiff. Nor does Plaintiff allege any specific injury in fact that is "fairly traceable" to the alleged conduct of the State of Texas or the Texas Supreme Court that would make them responsible. Thus as a matter of law these Defendants are entitled to dismissal under Rule 12(b)(1).

Moreover the *Rooker-Feldman* doctrine bars this Court from entertaining collateral attacks on state court judgments. Plaintiff's claims against the State of Texas and the Supreme Court of Texas arise directly from judicial decisions in state court proceedings and challenge the decisions of the state district court and the First Court of Appeals. Thus the Court lacks jurisdiction and the claims against these Defendants should be dismissed under Rule 12(b)(1).

In addition the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984)(Eleventh Amendment bars suits in federal court by a citizen of a state against his own state or against a state agency or department).[3] The Texas Supreme Court is an agency of the State of Texas and therefore immune from suit under the Eleventh Amendment. Tex. Const. art. V, § 1.

The Eleventh Amendment also bars claims against a state brought under 42 U.S.C. § 1983.[4] *Aguilar v. Tex. Dep't of Crim. Justice, Instit. Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Furthermore state agencies are not amenable to suit under 42 U.S.C. § 1983 because they are not "persons" within the meaning of that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Moreover, in Texas the statute of limitations for claims under § 1983 is two years; Plaintiff filed this action on January 31, 2012, substantially more than three years after the First Court of Appeals dismissed his appeal for want of prosecution.

---

[3] In the absence of consent by the State, the jurisdictional bar of the Eleventh Amendment "applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. 100.

[4] Title 42 U.S.C. § 1983 provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law.

Thus as a matter of law the State of Texas and the Supreme Court of Texas are entitled to dismissal of all causes of action against them under Rule 12(b)(1).

Furthermore Plaintiff seeks attorney's fees, but as a *pro se* litigant he is not entitled to such relief under § 1988 for civil rights violations. *Cofield v. City of Atlanta*, 648 F.2d 986, 987-88 (5th Cir. 1981); *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *De Mino v. Achenbaum*, 136 Fed. Appx. 695, 696 (5th Cir. 2005).

This Court agrees that as a matter of law Plaintiff fails to, and cannot, state a claim against the State of Texas and the Supreme Court of Texas in this Court. Thus allowing Plaintiff to amend his claims against them would be futile.

**Otha Carpenter's Motion to Dismiss (#7 and 8) and Allen Tanner's Motion to Dismiss (#15)**

Carpenter seeks dismissal on a bare bones allegation that Plaintiff fails to state a claim upon which relief can be granted.

Tanner moves for dismissal on the following grounds: insufficient process and insufficient service of process; mandatory dismissal under 28 U.S.C. § 1915; lack of standing; *Rooker-Feldman* doctrine; and failure to state a claim upon which relief may be granted.

Rather than address the matters which might be curable by proper service or amendment, the Court finds the motions should be

granted as a matter of law and this action be dismissed based on the *Rooker-Feldman* doctrine, as indicated above.

**First Court of Appeals' Motion to Dismiss (#10)**

The First Court of Appeals moves for dismissal based on insufficient process and insufficient service of process; 28 U.S.C. § 1915; lack of standing; *Rooker-Feldman* doctrine; Eleventh Amendment immunity; and failure to state a claim. The Court grants the motion as a matter of law based on the *Rooker-Feldman* doctrine and Eleventh Amendment immunity.

Accordingly, for the reasons stated in this Opinion and Order, the Court ORDERS the following:

(1) The stay imposed on this case on April 26, 2012 (#12) is LIFTED;

(2) Plaintiff's re-submission of his request for default judgment against Allen Tanner and the First Court of Appeals (#14) is DENIED;

(3) All Defendants' motions to dismiss (#5, 7, 8, 10, AND 15) are GRANTED and this action is DISMISSED.

**SIGNED** at Houston, Texas, this 20th day of November, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE